Case Number: PC-2026-00218
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2026 3:24 PM
Envelope: 5478916
Reviewer: Alexandra R.

# STATE OF RHODE ISLAND

PROVIDENCE, sc.                                            SUPERIOR COURT

BRADFORD DESIGN, INC.,

        Plaintiff,

v.

TOWN OF NORTH PROVIDENCE;                    C.A. No.
MARIA VALLEE, in her capacity as
Treasurer of the Town of North Providence;
and MICHAEL CAMPAGNONE,

        Defendants.

## COMPLAINT

NOW COMES the Plaintiff, Bradford Design, Inc., acting by and through counsel, and hereby alleges as follows:

### Parties

1.  Plaintiff, Bradford Design, Inc. ("Bradford Design"), is a Rhode Island corporation with an address of 2227 Mineral Spring Avenue, North Providence, Rhode Island.

2.  Defendant, Town of North Providence (the "Town"), is a Rhode Island municipal corporation. Maria Vallee is the Town's Finance Director and Treasurer.

3.  Defendant, Michael Campagnone ("Campagnone"), is the Town's Building Inspector.

### Jurisdiction

4.  The Court has jurisdiction over this matter pursuant to R.I. Gen Laws §§ 8-2-13, 8-2-14, and 9-30-2. Plaintiff has complied with the presentment requirement of R.I. Gen. Laws § 45-15-5.

Case Number: PC-2026-00218
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2026 3:24 PM
Envelope: 5478916
Reviewer: Alexandra R.

## Background Facts

5.      Bradford Design owns a parcel of real estate at 2209-2211 Mineral Spring Avenue, North Providence, identified as Assessor's Plat 14 Lot 225 (the "Property").

6.      The Property is around the corner from Town Hall.

7.      Upon information and belief, Town officials repeatedly travelled to and from Town Hall along Mineral Spring Avenue during the relevant time period described more particularly below and had actual knowledge of the improvements Bradford Design was making to the Property.

8.      On September 24, 2021, the Town issued Building Permit #8961 for improvements to the existing structure at 2209 Mineral Spring Avenue, North Providence.  The permit application indicated that there would be a change of use from retail to A-2 Restaurant/Night Club, which is the establishment known as the "Acorn Room".  Michael Carnevale and Ben Nascenzi were the Town building inspectors at the time, and Nascenzi signed the Building Permit.  The work was described as an 18'x22' addition and 16'x16' shed.  The estimated cost was $37,000.00.

9.      The drawings for the building permit showed that the 18'x22' addition would include a new enclosed stairway giving access to the second floor at the rear of the existing building.  The rest of the addition (about 13'x22') was a single story area with a rubber roof for restrooms and storage.  The new 16'x16' shed was toward the back of the property abutting an existing shed.

10.     Plaintiff purchased the adjoining property, 3 Morgan Avenue (Assessor's Plat 14, Lot 227), in July 2021.

Case Number: PC-2026-00218
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2026 3:24 PM
Envelope: 5478916
Reviewer: Alexandra R.

Case 1:26-cv-00068-MSM-AEM    Document 1-1    Filed 02/02/26    Page 3 of 14 PageID #: 5

11.     On October 28, 2021, Nascenzi issued a demolition permit to tear down the existing residential structure on the 3 Morgan Avenue property to make it into a parking lot for the Acorn Room.

12.     After Permit #8961 was issued, Carnevale visited the site several times.  He requested that certain drainage infrastructure improvements be installed.

13.     As a result of such requests, Plaintiff purchased the materials for the requested drainage system, which Carnevale inspected and verbally approved before they were installed.

14.     Carnevale further verbally approved closing in the rubber roof area of the 18x22 addition with conventional framing and a conventional roof.  This work was completed in accordance with and in reliance on said approval by Carnevale.

15.     Carnevale also required and verbally approved a ramp from the new parking lot for handicap access.  This work was completed in accordance with and in reliance on said approval by Carnevale.

16.     Plaintiff at all times acted in good faith reliance on the directions and approvals of Nascenzi and Carnevale in their official capacities.

17.     As work continued, the Town issued several more permits for the project:  (i) a mechanical permit for installation of a kitchen exhaust hood and fire suppression system, issued February 14, 2022; (ii) an electrical permit to "change/revamp" service for the basement, first floor and second floor, issued July 6, 2022; (iii) a mechanical permit for the installation of second floor HVAC, issued September 16, 2022; and (iv) a plumbing permit for three water closets, three lavatory sinks, and one mop sink, issued September 30, 2022.

18.     Plaintiff also applied for a liquor license for the Acorn Room, which the Town processed and later issued.

Case Number: PC-2026-00218
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2026 3:24 PM
Envelope: 5478916
Reviewer: Alexandra R.

Case 1:26-cv-00068-MSM-AEM    Document 1-1    Filed 02/02/26    Page 4 of 14 PageID #: 6

19.     At no time did any Town official indicate that the project required approval from the Town Planning Board.

20.     After Carnevale had approved enclosing the second story of the addition and other changes to the permitted plans, while the construction of those changes was already well underway, the Town appointed a new building inspector, Michael Campagnone.

21.     In August 2022, Campagnone was called to attend a walkthrough of the Acorn Room with the fire captain and the electrician installing the fire alarm system.  Campagnone arbitrarily and unjustifiably refused to attend, claiming that he did not have any documentation or plans for the project.

22.     Campagnone then issued a notice of building code violations, and a second notice of violation on October 13, 2022.  Around this time Campagnone came to the site and again claimed that he didn't have any plans for the project.

23.     In December 2022, Plaintiff in good faith submitted updated plans dated October 2022 for the project as approved by Carnevale, signed and stamped by a professional engineer, Mohamed H. Hussein, P.E. (the "Updated Hussein Plans").  Plaintiff uploaded the signed, stamped Updated Hussein Plans onto the Town's e-permitting portal.

24.     After the signed and stamped Updated Hussein Plans were uploaded to the permitting portal by Plaintiff, they were deleted from the e-permitting portal by unknown persons without notice to Plaintiff.

25.     Plaintiff did not delete the Updated Hussein Plains, and upon information and belief, the Updated Hussein Plans could only have been deleted by Town officials.

26.     Meanwhile, the electrical permit application for the addressable fire alarm was submitted on September 23, 2022, with drawings reflecting the enclosure of the rubber roof area

4

Case Number: PC-2026-00218
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2026 3:24 PM
Envelope: 5478916
Reviewer: Alexandra R.

approved by Carnevale. The electrical permit for the fire alarm system was issued on December 4, 2022.

27. Having submitted the signed and stamped updated plans and been issued the electrical permit, Plaintiff reasonably believed that Campagnone and the Town had approved continued work on the project in accordance with the submitted plans.

28. The Acorn Room passed the RIDOH Food Establishment Inspection on January 18, 2023. The Town issued a victualling license on May 2, 2023.

29. In 2022 and 2023, Plaintiff also worked with the Town to clarify the ownership of a corner section of the Property under Morgan Avenue. The Town initially considered purchasing this land. Plaintiff suggested a land swap, by which it would transfer the corner of the Property being used a public way to the Town in exchange for a sliver of Town land adjoining Plaintiff's parking lot. The Town did not respond to the land swap proposal.

30. On September 13, 2023, Plaintiff attended a meeting of the Town Planning Board under the belief that the Board would address the encroachment of Morgan Avenue onto the Property. Instead, unknown Town officials had put consideration of an application for master plan review for "a major commercial land development to build an addition on the rear of an existing restaurant" on the Planning Board agenda. The Planning Board meeting ended in confusion.

31. After the Planning Board fiasco, on or about October 5, 2023, Plaintiff attended a meeting with Campagnone and the former building inspector, Carnevale, at Town Hall. Carnevale verified that he had issued a building permit for the project, and that he had approved the changes to the original plans. The Town uploaded the original permit to its e-permitting portal, but not the signed, stamped Updated Hussein Plans.

5

Case Number: PC-2026-00218
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2026 3:24 PM
Envelope: 5478916
Reviewer: Alexandra R.

Case 1:26-cv-00068-MSM-AEM     Document 1-1     Filed 02/02/26     Page 6 of 14 PageID #: 8

32.     On October 31, 2023, Plaintiff emailed Campagnone another copy of the signed and stamped Updated Hussein Plans from December 2022, along with updated construction costs.  The updated total project cost was $209,000.00.

33.     In November 2023, the Town issued Outdoor Use and Entertainment licenses for the Acorn Room.

34.     On December 9, 2023, Campagnone issued a letter asserting that several items were still needed to obtain a building permit for the largely completed project:

- Stamped construction plans
- Engineered plans for structural items detailed in construction plans
- Survey
- Cost analysis of construction for permit
- Code review
- Project certification 128 forms for all trades
- Narragansett Bay Commission permit

35.     Campagnone's December 9, 2023 letter also stated that in order to obtain a certificate of occupancy ("CO"), Plaintiff needed an "Inspection report from Architect and engineer who designed plans."

36.     By this time, Campagnone had been in possession of the signed and stamped Updated Hussein Plans for months (the Town had been in possession of these plans for a year), and Campagnone had been refusing to conduct any inspection of the project himself for over a year.  The Acorn Room was finished and ready to open for business.

37.     On December 22, 2023, Campagnone issued Plaintiff a Temporary Certificate of Occupancy ("TCO").  The TCO was issued on December 22, 2023.

38.     A second TCO was issued on January 26, 2024, with an expiration date of April 24, 2024.

Case Number: PC-2026-00218
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2026 3:24 PM
Envelope: 5478916
Reviewer: Alexandra R.

Case 1:26-cv-00068-MSM-AEM    Document 1-1    Filed 02/02/26    Page 7 of 14 PageID #: 9

39.     Both TCOs covered only the first floor of the building, and were for a Class B business, not a Class A-2 restaurant.

40.     As of April 24, 2024, when the TCO expired, the Town summoned Plaintiff to Housing Court for allegedly operating without a valid CO.  A hearing was scheduled for May 25, 2024.

41.     At a meeting the day before the hearing, Campagnone stated that he would sign an extension of the TCO if Plaintiff returned the next morning and paid the extension fee.

42.     Plaintiff returned with the fee the next morning as directed, but Campagnone was not in the office.  Campagnone did not respond to repeated efforts by Plaintiff to contact him throughout the day.  Without an extension of the TCO, Plaintiff closed the Acorn Room before the Housing Court hearing later that evening.

43.     Campagnone continued to refuse to conduct an inspection of the project or issue a CO.

44.     Campagnone then demanded that Plaintiff submit "as-built" plans signed and stamped by a professional engineer with a certification that the project complies with all building codes.

45.     On July 2, 2024, the Fire Captain conducted a life safety inspection.  The fire alarm system passed and was connected to the fire station.

46.     On July 31, 2024, Plaintiff filed a notice of intention to interrupt adverse possession related to the area of the Property beneath Morgan Avenue being encroached upon by the Town.

47.     A second notice of intention to interrupt adverse possession was filed by Plaintiff which addressed an unrecorded underground drainage pipe on an adjacent property also owned

Case Number: PC-2026-00218
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2026 3:24 PM
Envelope: 5478916
Reviewer: Alexandra R.

Case 1:26-cv-00068-MSM-AEM     Document 1-1     Filed 02/02/26     Page 8 of 14 PageID #: 10

by Bradford Design upon which an establishment known as Tumblesalts is located, which is on the opposite corner of Morgan Avenue and Mineral Spring Avenue at the addresses of 2207 Mineral Spring Avenue (AP 14, Lot 515), 1 Morgan Avenue (AP 14, Lot 523), and 1 Sweet Avenue (AP 14, Lot 224) (collectively, the "Tumblesalts Property").

48.     On October 4, 2024, Campagnone re-issued Building Permit #8961. Campagnone changed the scope of work to "18' x 22' addition a[s] per plans," despite knowing that this scope of work did not match the project approved by Carnevale and reflected on the signed and stamped Updated Hussein Plans submitted almost two years earlier.

49.     On October 17, 2024, after discussing the building permit with Campagnone, Plaintiff's attorney emailed Campagnone a set of Existing Conditions Plans with the understanding that the Existing Conditions Plans would satisfy any remaining permitting obligations (the "Existing Conditions Plans").

50.     On October 22 and 23, 2024, Plaintiff uploaded the Existing Conditions Plans and site plan to the Town's e-permitting portal.

51.     In November 2024, Campagnone issued a summons Plaintiff to appear in Housing Court for allegedly operating without a Certificate of Occupancy ("CO"). Plaintiff appeared in Housing Court on November 27, 2024 and explained to the Judge that the Acorn Room could not viably operate with just the first floor and was therefore closed. The Town did not dispute that the Acorn Room was ready to fully open and operate both the first and second floor. Plaintiff was instructed to pick up a new CO.

52.     The Housing Court issued an Order which provided as follows:

1.  That a Fire Marshall inspection was completed.

2.  That an independent engineering report was submitted and accepted by the Town.

8

Case Number: PC-2026-00218
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2026 3:24 PM
Envelope: 5478916
Reviewer: Alexandra R.

3.  That a permanent CO will be issued.

4.  That costs of $79.99 to the town and $55.00 to the court having been paid, this matter is dismissed.

53.  After the Housing Court hearing, Plaintiff went to Town Hall to pick up the new CO but was informed that it would not be issued without approval from the State Fire Marshal.

54.  On December 10, 2024, the North Providence Fire Department issued a notice of violation to Plaintiff indicating that, based upon an alleged fire safety inspection on December 4, 2024, the Property was allegedly in violation of the Rhode Island Fire Code.

55.  Plaintiff contacted the State Fire Marshal who found nothing wrong and indicated that it was a local matter.

56.  On January 6, 2025, Campagnone issued a CO for 2209 Mineral Spring Ave. for A-2 Assembly (Nightclubs, Restaurants).  Under the Remarks section of the CO, the CO listed "Conditions:  1.  Planning/Zoning Approval."

57.  Plaintiff objected to this improper condition imposed by Campagnone, as the project did not require Planning/Zoning Approval.

58.  On January 23, 2025, Campagnone re-issued the CO without the condition for Planning/Zoning Approval, but this CO did not recognize the correct approved Updated Hussein Plans or the Existing Conditions Plans.

59.  Campagnone rejected Plaintiff's request for a letter of completion in accordance with the signed and stamped Updated Hussein Plans submitted in December 2022 and the Existing Conditions Plans.

60.  Campagnone asserted that Plaintiff could not obtain a letter of completion from the Town unless the letter of completion had been requested at the beginning of the project.

9

## COUNT I – Declaratory and Injunctive Relief (Building Permit)

61.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above, as if fully set forth herein.

62.     A dispute between the parties has arisen regarding the building permit for the project.

63.     Campagnone re-issued Building Permit #8961 and identified the scope of work as "18' x 22' addition a[s] per plans" with full knowledge that the actual scope of work approved by Carnevale and by numerous other Town licenses issued over the two years during which the project was under construction was no longer the original 18' x 22' addition.

64.     Building Permit #8961 should conform to the signed, stamped Updated Hussein Plans submitted in 2022 and the as-built drawings submitted in October 2024.

65.     A declaration of the scope of work permitted by the Town and a corrected CO would resolve the dispute.

**WHEREFORE**, Plaintiff hereby respectfully requests that this Honorable Court issue an Order:

a)     Declaring that the scope of work permitted by the Town was the project detailed in the Updated Hussein Plans and reflected in the Existing Conditions Plans;

b)     Ordering that the Town issue a corrected CO and a letter of completion to Plaintiff; and

c)     Granting any and all other such relief as this Honorable Court deems just and appropriate.

## COUNT II – Tortious Interference with Business Relations

66.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above, as if fully set forth herein.

10

Case Number: PC-2026-00218
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2026 3:24 PM
Envelope: 5478916
Reviewer: Alexandra R.

Case 1:26-cv-00068-MSM-AEM    Document 1-1    Filed 02/02/26    Page 11 of 14 PageID #: 13

67.     Defendants' acts and omissions knowingly, intentionally, and unjustifiably delayed the opening of the Acorn Room until January 2025, causing significant damages including, but not limited to, lost business income, unnecessary legal, engineering, and professional fees and costs, and other damages.

**WHEREFORE**, Plaintiff hereby respectfully requests that this Honorable Court enter Judgment against Defendants and:

a)     Award monetary damages to Plaintiff in an amount to be determined at trial, together with interest, costs, and reasonable attorney's fees; and

b)     Grant any and all other such relief as this Honorable Court deems just and appropriate.

## COUNT III – Due Process/Section 1983

68.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above, as if fully set forth herein.

69.     Plaintiff complied in good faith with all Town permitting requirements.

70.     Campagnone knew that his predecessor Nascenzi issued a permit for the project and that his predecessor Carnevale inspected and verbally approved modifications of the original plans; nevertheless, Campagnone: (i) refused to do his job and inspect the project in 2022, 2023 and 2024; (ii) demanded additional plans and third party inspections in December 2023, more than a year after Plaintiff submitted the signed, stamped Updated Hussein Plans in December 2022; (iii) summoned Plaintiff to Housing Court twice for violations he knew did not exist; (iv) agreed to extend the TCO in May 2024 but then disappeared from the office and was unreachable the day of the Housing Court hearing, forcing Plaintiff to close the business; (v) issued a building permit in October 2024 that inaccurately described the scope of work as only the 18x22 addition, after Plaintiff had submitted the Existing Conditions Plans for the entire

11

Case Number: PC-2026-00218
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2026 3:24 PM
Envelope: 5478916
Reviewer: Alexandra R.

Case 1:26-cv-00068-MSM-AEM    Document 1-1    Filed 02/02/26    Page 12 of 14 PageID #: 14

project, as well as the Updated Hussein Plans submitted in December 2022; and (vi) inserted Planning/Zoning Approval as a condition of the CO issued on January 6, 2025, when no such approval was required, causing further delays and expenses to Plaintiff.

71.      On information and belief, Campagnone or a person under his direction and control deleted the signed, stamped Updated Hussein Plans for the project that had been uploaded to the permitting portal by Plaintiff in 2022.

72.      Campagnone's egregious acts and omissions to knowingly and willfully delay and interfere with the project approved by his predecessors in office violated Plaintiff's constitutional rights to due process in violation of the law.

**WHEREFORE**, Plaintiff hereby respectfully requests that this Honorable Court enter Judgment against Defendants and:

a)      Award monetary damages to Plaintiff in an amount to be determined at trial, together with interest, costs, and reasonable attorney's fees; and

b)      Grant any and all other such relief as this Honorable Court deems just and appropriate.

### COUNT IV – Declaratory and Injunctive Relief
### (both Morgan Avenue and Drainage Pipe Encroachments)

73.      Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above, as if fully set forth herein.

74.      There is a genuine dispute between the parties regarding the ownership of part of the Property, more specifically, a section of Morgan Avenue, that is being used as a public highway (the "Road Encroachment").

12

Case Number: PC-2026-00218
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2026 3:24 PM
Envelope: 5478916
Reviewer: Alexandra R.

Case 1:26-cv-00068-MSM-AEM     Document 1-1     Filed 02/02/26     Page 13 of 14 PageID #: 15

75.     There is also a dispute regarding the rights and obligations of the parties regarding the underground drainage pipe that traverses the Tumblesalts Property that is also owned by Plaintiff (the "Drainage Pipe Encroachment").

76.     The Drainage Pipe Encroachment actually runs directly through a portion of the building on the Tumblesalts Property, in addition to being partially located underground.

77.     The Road Encroachment and Drainage Pipe Encroachment constitute continuing trespasses on Plaintiff's property.

78.     A declaration of the parties' rights and obligations regarding the road encroachment and drainage pipe would resolve the dispute.

**WHEREFORE**, Plaintiff hereby respectfully requests that this Honorable Court issue an Order:

a)      Declaring that the Road Encroachment is a continuing trespass onto Plaintiff's Property;

b)      Restraining and enjoining the Town from any continuing trespass vis-à-vis the Road Encroachment;

c)      Declaring that the portion of the Property which is the subject of the Road Encroachment is part of the Plaintiff's Property;

d)      Declaring that the Drainage Pipe Encroachment is a continuing trespass onto and beneath Plaintiff's Property;

e)      Restraining and enjoining the Town from any continuing trespass vis-à-vis the Drainage Pipe Easement;

f)      Ordering the Town to remove the Drainage Pipe Encroachment, at the Town's sole cost, and to promptly restore the Tumblesalts Property to its current condition

13

and repair any damage or disturbance caused as a result of the removal of the Drainage Pipe Encroachment;

g)     Awarding monetary damages to Plaintiff in an amount to be determined at trial, as well as interest, costs, and reasonable attorney's fees; and

h)     Granting any and all other such relief as this Honorable Court deems just and appropriate.

## JURY DEMAND

Plaintiff, Bradford Design, Inc., hereby demands a trial by jury on all counts so triable.

BRADFORD DESIGN, INC.

By Its Attorneys,

*/s/ Michael L. Mineau*
Michael L. Mineau (#8287)
Robert K. Taylor (#6514)
PARTRIDGE SNOW & HAHN LLP
40 Westminster Street, Suite 1100
Providence, RI  02903
(401) 861-8200
(401) 861-8210 FAX
mmineau@psh.com
rtaylor@psh.com

DATED:  January 13, 2026

14

4925-2263-9737